```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VERDICT ASSURANCE GROUP, LLC,         :
                                      :
                Plaintiff,            :
                                      :       ORDER
        v.                            :       22-CV-312 (WFK) (PK)
                                      :
LG FUNDING LLC,                       :
                                      :
                Defendant.            :
-----------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On January 19, 2022, Verdict Assurance Group, LLC ("Plaintiff") filed a Complaint against LG Funding LLC ("Defendant") alleging contract violations for tortious interference with contract, conversion, unjust enrichment, and money had and received. *See* Complaint, ECF No. 1. The Complaint asserts this Court has diversity jurisdiction under 28 U.S.C. § 1332 based on allegations that Plaintiff is a citizen of New Jersey and Defendant is a citizen of New York. *Id.*

On July 28, 2022, the Clerk of the Court filed an Entry of Default upon the Plaintiff's request on a finding Defendant had failed to appear or otherwise defend the action. ECF No. 13. On July 29, 2022, Defendant responded by letter to the Clerk's entry of default informing the Court why it had declined to answer or otherwise appear in the matter. ECF No. 14. In response, Magistrate Judge Peggy Kuo granted Defendant leave to file a motion to vacate the default judgment, which Defendant did on August 12, 2022. ECF. No. 17.

On November 20, 2022, Magistrate Judge Kuo entered an Order directing Plaintiff to identify all members of Verdict Assurance Group, LLC and state their citizenship, and directing Defendant to identify all members of LG Funding LLC and their citizenship. On November 22, 2022, the parties filed a joint letter in response to the Court's request. ECF No. 23. The letter indicates the members of Verdict Assurance Group, LLC are Craig Sheinker, a citizen of New

Jersey, and Kerrie Sheinker and Taran Sheinker, both citizens of Florida; and the members of LG Funding LLC are Daniel Gellman, a citizen of Florida, and Joseph Lerman and Boruch Greenberg, both citizens of New York.

Upon review of the parties' jointly filed letter, Magistrate Judge Kuo entered an Order to Show Cause as to why the case should not be dismissed for lack of subject matter jurisdiction. Magistrate Judge Kuo reasoned the parties' letter indicated members of both Plaintiff and Defendant are citizens of Florida. *Id.* *See* 28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (explaining that for diversity jurisdiction to exist, the controversy must be completely diverse, meaning that all plaintiffs must be citizens of different states from all defendants); *see also Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (noting the citizenship of an LLC for diversity purposes is the citizenship of each of its members).

On November 29, 2022, Plaintiff filed a response to Magistrate Judge Kuo's Order. *See* ECF No. 24. In its response, Plaintiff argues the case should not be dismissed because there was no evidence of the ownership of Defendant. *Id.* On December 5, 2022, Defendant filed a Declaration on behalf of Joseph Lerman, the managing member of LG Funding LLC, in which Mr. Lerman stated that Daniel Gellman was a member of LG Funding LLC and a citizen of Florida, and provided a photograph of Mr. Gellman's Florida driver's license. ECF No. 25.

On December 6, 2022, Magistrate Judge Kuo issued a Report and Recommendation recommending this case be dismissed for lack of subject matter jurisdiction following a review of the parties' submissions. ECF No. 26. Specifically, Judge Kuo found, based on a review of the jointly filed letter at ECF No. 23, Plaintiff's response at ECF No. 24, and Defendant's filing at ECF No. 25, Plaintiff and Defendant are both citizens of the same state, Florida, and Plaintiff,

therefore, failed to show a basis for diversity jurisdiction. Magistrate Judge Kuo informed the parties any written objections to this Report and Recommendation must be filed within 14 days of service of this report, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), and that failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation, *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008). Neither party objected to the Report or Recommendation, nor did they otherwise respond.

The Court reviews a Report and Recommendation for clear error when no objections have been filed. *See Covey v. Simonton,* 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007) (Garaufis, J.). The Court finds no such error here. The Court therefore adopts the Report and Recommendation of Judge Kuo in its entirety and dismisses the case for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2023
      Brooklyn, New York